Citation Nr: 1761240 
Decision Date: 12/13/17 Archive Date: 01/02/18

DOCKET NO. 12-36 076 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for a lung disorder.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Purcell, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Army from November 1985 to November 2005, to include service in Iraq from February 2004 to March 2005. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in December 2011 by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

The Veteran testified before the undersigned Veterans Law Judge during a videoconference hearing in January 2015. A transcript of the hearing has been associated with the claims file.

In April 2015, the Board remanded this matter for further development. In September 2017, the Board sought a Veterans Health Administration (VHA) advisory specialist opinion. The opinion was rendered in November 2017 and development of the Veteran's claim is complete. There has been substantial compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998).


FINDING OF FACT

The Veteran's restrictive lung disease, status post right mainstem bronchial disruption and pulmonary contusion, status post fractures of the right fifth and sixth ribs, status post thoracotomy, tracheostomy, was aggravated by service.


CONCLUSION OF LAW

The criteria for service connection for restrictive lung disease, status post right mainstem bronchial disruption and pulmonary contusion, status post fractures of the right fifth and sixth ribs, status post thoracotomy, tracheostomy, are met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110 (2012); 38 C.F.R. 3.303 (2017).

Service connection generally requires evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

For a pre-existing disease or injury, the burden is with VA to show by clear and unmistakable evidence that the pre-existing disease or injury was not aggravated by service. Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). VA may show a lack of aggravation if clear and unmistakable evidence establishes that there was no increase in disability during service, or that any increase in disability was due to the natural progress of the pre-existing condition. Id. If this burden is not met, then service connection is warranted. 

Here, the Veteran seeks service connection for a lung disorder. He suffered an injury to his right lung in a 1987 motor vehicle accident that was later determined to be due to his willful misconduct. He claims that exposure to smoke, sand, and airborne toxins while serving in Iraq in 2004 and 2005 aggravated that previous injury. He reported that his lung condition worsened during and after his Iraq deployment.

As the Veteran's 1987 injuries were due to his willful misconduct, such injuries will be treated as pre-existing service. Accordingly, service connection is warranted if the Veteran's pre-existing injuries were aggravated by service, to include any exposure to environmental toxins during his Iraq deployment.

The Veteran has a current diagnosis of restrictive lung disease, status post right mainstem bronchial disruption and pulmonary contusion, status post fractures of the right fifth and sixth ribs, status post thoracotomy, tracheostomy. See June 2015 VA Examination Report.

The November 2017 VHA medical opinion provider opined that the Veteran's lung disorder was at least partially due to his exposure to environmental toxins during his Iraq deployment. The opinion provider cited medical research noting a link between certain environmental toxin exposure in Iraq deployments and the subsequent development of respiratory problems. The opinion provider stated that certainly there was not clear and unmistakable evidence that the Veteran's lung disability was not aggravated by service. The opinion provider explained that any type of restrictive lung defect caused by the Veteran's 1987 motor vehicle accident would remain fairly stable, with gradual deterioration over time due to overall weakening of the lungs caused by the process of aging. The opinion provider further explained that the Veteran instead had an acute, significant increase in his dyspnea during his deployment. The opinion provider noted that the Veteran was cleared for deployment with no physical limitations in 2004, and then in 2005, after deployment, was unable to walk half of a block without getting short of breath. The opinion provider explained that the Veteran's original injury would not have caused such an acute worsening. The Board finds the November 2017 VHA medical opinion highly probative, as it is supported by a rationale based on medical research and on the medical and lay evidence in the Veteran's claims file. 

The Board notes that there are two additional VA medical opinions on file. However, the prior VA medical opinions are inadequate. The October 2011 VA examiner opined that it was less likely than not that the Veteran's lung condition was incurred in or caused by exposure in Iraq but did not discuss the potential effect of the environmental toxins on the Veteran's condition. The June 2015 VA examiner opined that the Veteran's lung conditions are "mainly related" to his motor vehicle accident but again did not discuss the effect of the Veteran's exposure to environmental toxins on his lung condition. 

Accordingly, after considering the totality of the evidence, to include the medical and lay evidence, the Board finds that there is no clear and unmistakable evidence that the Veteran's lung disability was not aggravated by service. Accordingly, service connection is warranted for restrictive lung disease, status post right mainstem bronchial disruption and pulmonary contusion, status post fractures of the right fifth and sixth ribs, status post thoracotomy, tracheostomy.


ORDER

Entitlement to service connection for restrictive lung disease, status post right mainstem bronchial disruption and pulmonary contusion, status post fractures of the right fifth and sixth ribs, status post thoracotomy, tracheostomy, is granted.



____________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs